A writ was sued out, from the county court of Rockingham by one Gains against Nicholas Larrimore, returnable to August Term, 1791, and continued from thence until February Term, 1794, when judgment was rendered for the plaintiff.
A writ of fieri facias then issued against the chattels and lands of the said Nicholas, upon which writ the sheriff made a return in these words, "levied on lands, and sold for ten pounds."
(106) The plaintiff then produced a deed from the sheriff to William Lacey, dated 3rd February, 1795, and another from the said Lacey to the plaintiff.
The title set up by the defendant was as follows: That on the 13th September, 1792, Nicholas Larrimore, for valuable consideration, conveyed the land in dispute to his son, Hance Larrimore, who, on the 30th May, 1794, conveyed the same to John Hamilton, the defendant.
Though the deed from Nicholas to his son purported to be made for valuable consideration, no proof was made of the payment of any money; *Page 103 
on the contrary, it appeared that the son's circumstances had been uniformly low, and that he possessed no means of gaining a livelihood, distinct from those furnished by the father.
It was proved that the nominal price of the land, paid by the son according to the deed, was double its real worth, and that the father had been under great anxiety and alarm, by reason of the suit brought against him by Gains; moreover, the father remained in uninterrupted possession of the land until December, 1797, long after the sale by the sheriff, etc.
The material question for the determination of the jury was, whether this deed from the father to the son, under all its circumstances, was fraudulent or not.
It was contended for the plaintiff that the transaction was attended with all those marks and badges by which fraud is distinguished. (1) The possession not accompanying and following the deed, which was absolute; (2) The near relationship of the parties; (3) The want of a consideration; (4) The suit pending against the father, at the date of the execution of the deed, concerning the event of which he had expressed so much anxiety; and lastly, that all the rest of the property of Nicholas was claimed by his other children; so that this was, in truth, a conveyance of all his property. For the plaintiff were cited the following authorities: Stat. of Eliz., 2 Bac., 604; Twine's case, 2 Rep., 81; 2 Bulstrode, 218; Cowper, 432.
In the progress of the cause several points of law arose upon which the Court delivered their opinion. The first question was, whether the execution upon which the land was sold should have (107) been returned to complete its validity.
The writs of execution, by which lands are made liable to the payment of debts in England, must be returned, because they cannot be executed by the authority of the sheriff alone; in an elegit for instance, he must take an inquest according to the statute; therefore, a return is necessary, in order to show that he has acted properly.
But the Stat. of 5 Geo., 2, cap. 7, though it renders land liable to the same process with chattels for the satisfaction of debts, does not place the writ of fieri facias upon the same footing, in this respect, with theelegit. It merely enlarges its object, by giving it an extent it had not before, but does not thereby create any necessity for returning it. If lands are to be sold under it, in the same manner as chattels, there is more necessity for returning it in the one case than in the other. That it is not necessary in the latter, Hoe's case, in 5 Rep., is a decisive authority. The neglect of making a return will subject the sheriff to an amercement, but the execution, nevertheless, retains its validity; the *Page 104 
same principle extends to all judicial writs, duly executed, where the sheriff is alone competent to complete them.
There is nothing in the Act of 1777, sec. 29, which in the remotest degree, warrants a contrary conclusion. The words are, "that all process that heretofore issued against goods, chattels, lands, and tenements shall for the future issue in the same manner; and such as issued only against goods and chattles shall hereafter issue against lands and tenements as well as goods and chattels." The writ of elegit answers the description of the former part of the clause; consequently it may continue to issue; but the superior efficacy of the fieri facias has superseded it in practice.
II. That where a notice is given to take depositions, between the hours of ten in the morning and five in the afternoon, depositions taken under such notice ought not to be read, unless it appears that they (108) were taken within the time specified; otherwise the adverse party might be deprived of the benefit of cross-examination, by the depositions being taken before or after the time; at neither of which periods is he bound to attend. This point was mentioned at the bar to have been so ruled on the last Circuit by STONE, J.
III. Where a witness is called upon by one party, and examined to a particular fact, as the execution of a note, and is afterwards cross-examined by the other party as to other facts, the party first calling him cannot object to his testimony on the ground of interest. A party ought not to invalidate his own witness; and it is unreasonable that he should produce a witness, with the means in his power of destroying his credit if he testified against him.
IV. That the plaintiff's title was essentially defective, inasmuch as Lacey had conveyed the lands without having had possession, and at a time when there was an actual adverse possession against him by Nicholas Larrimore, leaving in Lacey, only the right of possession which cannot be conveyed. Co. Litt., 214.
The jury found a verdict for the plaintiff, subject to the opinion of the Court upon the latter point, which, at the instance of the counsel, was reserved; and at the following term MACAY and MOORE, Judges, gave judgment against the plaintiff upon this ground.
NOTE. — Upon the second point, see Harris v. Yarborough, 15 N.C. 166. Upon the last point, see Slade v. Smith, 2 N.C. 248, and the cases referred to in the note. *Page 105 
(109)